# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF LOUISIANA
# LAFAYETTE DIVISION

| | |
|---|---|
| **JORDAN JOHNSON** | **CASE NO. 6:20-CV-00454** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **CHEVRON U S A INC ET AL** | **MAGISTRATE JUDGE WHITEHURST** |

## MEMORANDUM RULING AND ORDER

Before the Court is a "Motion to Consolidate" (Doc. 12) filed by Plaintiff Jordan Johnson, through undersigned counsel, who moves pursuant to Federal Rule of Civil Procedure 42(a) to consolidate this matter with the higher numbered case, *Lisa Brasseaux, individually and on behalf of her deceased son, Tyler James Johnson v. Chevron USA, Inc., et al*, Civil Action No. 6:20-00460, also pending before the Court. Mr. Johnson maintains that because both cases involve the wrongful death and survival actions by the surviving biological parents of the decedent, the instant case filed by the decedent's father and the related action brought by the decedent's mother should be consolidated.[1]

The Court notes that Defendants have filed a Motion to Dismiss for nonjoinder of a required party in both suits.[2] Defendants oppose consolidation of the two lawsuits and argue that it is not proper under the circumstances. Defendants remark that when two cases are consolidated, they maintain their separate identities and the parties to one action do not become parties to the other action. *In re Stone Energy Corp. § Litig.,* 2009 WL 3232786,

---

[1] Mr. Johnson informs the court that Lisa Brasseaux does not oppose consolidation of the two lawsuits.
[2] Doc. 7 in this suit, and Doc. 8 in *Brasseaux.*

at *5 (W.D. La. 2009). Defendants assert that if the cases are consolidated, each Plaintiff will ask the jury to award survival damages even though each plaintiff is not entitled to his or her own separate award of survival damages as these damages are to be divided equally among the beneficiaries. Thus, Defendants are concerned about jury confusion and a risk that the jury will award double the amount of survival damages, in addition to the risk of inconsistent judgments.

Federal Rule of Civil Procedure 42(a) provides that if actions "involve a common question of law or fact," a court may "consolidate the actions" or "issue any other orders to avoid unnecessary cost or delay." Consolidation is a procedural device used to promote judicial efficiency and economy, and a district court has broad discretion in deciding whether two matters are proper for consolidation. See *Moran v. Landrum-Johnson,* 2020 WL 30306065, *2 (E.D. La. 2020) (citing *Alley v. Chrysler Credit Corp.,* 767 F.2d 138, 140 (5th Cir. 1985) and *Danos v. Boh Bros. Constr. Co.,* 2010 WL 11538659, at *2 (E.D. La. 2010)). In determining whether consolidation is proper, the Court is to consider: (1) whether the actions are pending in the same court, (2) the common identity of the parties, (3) the existence of common questions of law or fact, (4) the risk of confusion or prejudice that may result from consolidation, and (5) the extent to which consolidation would promote judicial efficiency. *Id.*

As noted by Plaintiff, both actions are pending before this Court, there is a common identity of the parties, the cases involve the same decedent and the exact same set of facts, and the same law will apply. Defendants argue that consolidation would be prejudicial and

warns that each Plaintiff is not entitled to his or her own separate award of survival damages because such damages are to be divided equally among the beneficiaries.

The Court finds that consolidating the two lawsuits would promote judicial efficiency and economy. To alleviate Defendants' concerns noted hereinabove, the Court will allow Defendants to address their concerns with the appropriate jury instructions.

## **CONCLUSION**

The Court finds that the motion to consolidate is proper under Federal Rule of Civil Procedure 42(a). Accordingly,

**IT IS ORDERED** that the Motion to Consolidate is hereby **GRANTED** and the Clerk of Court is instructed to consolidate Civil Action 6:20-00460, entitled *Lisa Brasseaux, individually and on behalf of her deceased son, Tyler James Johnson v. Cheveron USA, Inc., et al* with the instant lawsuit.

**THUS DONE AND SIGNED** in chambers on this 5th day of August, 2020.

                                        **JAMES D. CAIN, JR.**
                                **UNITED STATES DISTRICT JUDGE**